```
┌─────────────────────────────────┐
│ USDS SDNY                        │
│ DOCUMENT                         │
│ ELECTRONICALLY FILED             │
│ DOC #: _____           │
│ DATE FILED:  3-31-14             │
└─────────────────────────────────┘
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

CARL PALMER,

                          Plaintiff,                         13 Civ. 2529 (PKC)

              -against-                                      MEMORANDUM
                                                             AND ORDER

STATE OF NEW YORK DEPARTMENT OF
CORRECTIONS, DR. HARI P.
CHAKRAVORTY, DR. FREDERICK
BERNSTEIN, DR. CARL J. KOENIGSMANN,
RITA GRINBERGS,

                          Defendant.
-----------------------------------------------------------x

CASTEL, U.S.D.J.

      Plaintiff Carl Palmer brings this action under 42 U.S.C. § 1983, alleging that defendants violated his Eighth Amendment rights by acting with deliberate indifference to his allegedly serious medical needs. Plaintiff, who proceeds pro se, seeks appointment of counsel. Defendants move to dismiss the complaint under Rule 12(b)(1) and (6), Fed. R. Civ. P. For the reasons stated below, plaintiff's motion for appointment of counsel is DENIED, and defendants' motion to dismiss is GRANTED.

## BACKGROUND

      Mr. Palmer is an inmate in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS") at Green Haven Correctional Facility. In 1997, after complaining of a "sharp gravel pain" in his right eye, Mr. Palmer was diagnosed with conjunctivitis in his right eye. (Compl. at 3.) DOCCS issued him a pair of eyeglasses. (Id.) At some point, Mr. Palmer was examined by a facility optometrist, and a growth was found in his right eye. Mr. Palmer made "continuous complaints" of pain, blurred vision and double-vision

in his right eye to Dr. Chakravorty, his health care provider.  (Id.)  No treatment was offered.
(Id.)  He experienced, and continues to experience "severe eye irritation due to bright lights" and
"was precluded from daily activities."  (Id.)  At some point, Mr. Palmer requested transitional
lenses, but Dr. Chakravorty and Dr. Bernstein, the facility health services director, denied his
request.  (Id.)  Mr. Palmer was prescribed eye drops and ointment to treat a growth, which he
describes as a "benign tumor," in his right eye.  (Id.)  Neither treatment was effective.  (Id.)  Mr.
Palmer's condition subsequently occurred in his left eye.  (Id.)  Mr. Palmer's further requests for
medical care and treatment have been denied.  (Id.)  Mr. Palmer filed a grievance with the Green
Haven Correctional Facility Grievance Office, which was denied, and filed administrative
appeals.  (Id. at 4.)  Additionally, he sent the DOCCS Medical Review Board a written complaint
and letters informing it that he was denied treatment.  (Id. at 4-5.)

      Mr. Palmer alleges that Dr. Chakravorty recently diagnosed him with a condition
called pteryguim, and not conjunctivitis as previously diagnosed.  Mr. Palmer contends that
removal of growths is sometimes appropriate treatment to reduce irritation and prevent changes
in vision.  (Id. at 12.)  He also alleges that the defendants' failure to act has exposed him to an
unreasonable risk of future harm because over the course of several years the growth in his eye
has grown, causing frequent pain, blurred vision, and double vision, which causes him to lose his
balance, and requires him to stay away from light.  He states that "[b]ecause of the defendants
refusal the petitioner continues to languish in pain, while these symptoms persist the petitioner
continued to face life changing experience in his day to day life."  (Id.)

      Mr. Palmer submitted a letter to "B. Kelly RN (Medical Director)" on January 10,
2012, challenging the accuracy of his health care record and seeking amendment of his health
record to note the presence of growths in both his right and left eyes.  (Id. at 11.)  On February 2,

2012, Mr. Palmer received a response from Russell Blair of the Medical Forensic Unit of the State Commission of Correction, directing Mr. Palmer to forward his concerns in writing to his facility superintendent or to Dr. Carl Koenigsmann. (Id. at 10.) On February 6, 2012, Dr. Frederick Bernstein responded to a letter Mr. Palmer wrote on January 27, 2012, stating that Dr. Bernstein had reviewed the health services policy cited in Mr. Palmer's letter, but found that there was no procedure through which a patient could submit a document or make an entry on his own medical record. (Id. at 9.) On March 1, 2012, on behalf of Dr. Koenigsmann, Rita Grinbergs, Regional Health Services Administrator for DOCCS responded to Mr. Palmer's letter. She stated that the Division of Health Services had investigated Mr. Palmer's concerns with the medical staff at Green Haven Correctional Facility, and discovered that Mr. Palmer was seen by an ophthalmology specialist in April of 2010. As a result, Dr. Chakravorty's subsequent request for a consultation with a specialist was denied by DOCCS. (Id. at 8.)

Mr. Palmer filed a complaint on April 15, 2013, seeking $250,000 in compensatory damages and injunctive relief in the form of an order preventing DOCCS from continuing to deny him adequate medical treatment for his eye condition and providing him with surgery to remove the growths from his eyes. (Compl., Docket No. 2, at 5.) In an order dated May 2, 2013, this Court dismissed Mr. Palmer's claims against the New York State Department of Corrections and Community Services on immunity grounds. (Docket No. 6.) On September 24, 2013, the remaining defendants filed a motion to dismiss. In a letter dated August 30, 2013, Mr. Palmer notified the Court that due to an unrelated medical condition, he is "unable to attend to personal matters in any meaningful manner; including the instant matter now before the Court," and sought appointment of counsel. (Docket No. 17.) In a letter to this Court dated November 25, 2013, Mr. Palmer sought appointment of counsel and discovery. (Docket No. 20.)

## LEGAL STANDARDS

To survive a motion to dismiss under Rule 12(b)(6), Fed. R. Civ. P., "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp v. Twombly, 550 U.S. 544, 570 (2007)). "'Labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Id. (quoting Twombly, 550 U.S. at 555-56). A plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. However, "'detailed factual allegations'" are not necessary. Id. (quoting Twombly, 550 U.S. at 555-56).

In considering a Rule 12(b)(6) motion to dismiss, all non-conclusory factual allegations are accepted as true, see id. at 678-79, and all reasonable inferences are drawn in favor of the plaintiff. See In re Elevator Antitrust Litig., 502 F.3d 47, 50 (2d Cir. 2007) (per curiam). Moreover, plaintiff's pro se pleadings are "'to be liberally construed…[and], however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)). "[T]he complaint is deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference." Chambers v. Time Warner, Inc., 282 F.3d 147, 152 (2d Cir. 2002) (quoting Int'l Audiotext Network, Inc. v. Am. Tel. & Tel. Co., 62 F.3d 69, 72 (2d Cir. 1995) (per curiam)).

A motion to dismiss under Rule 12(b)(1) is decided under the same standards as a motion to dismiss for failure to state a claim under Rule 12(b)(6). See Lerner v. Fleet Bank, N.A., 318 F.3d 113, 128 (2d Cir. 2003) (Sotomayor, J.). In opposing a Rule 12(b)(1) motion, the "plaintiff bears the burden of proving subject matter jurisdiction by a preponderance of the

evidence." <u>Aurecchione v. Schoolman Transportation Systems, Inc.</u>, 426 F.3d 635, 638 (2d Cir. 2005).

DISCUSSION

I.   <u>Palmer's Motion for Appointment of Counsel</u>

The appointment of counsel is not a right automatically afforded to plaintiffs asserting section 1983 claims.   "[C]ounsel should not be appointed in a case where the merits of the indigent's claim are thin and his chances of prevailing are therefore poor."   <u>Carmona v. U.S. Bureau of Prisons</u>, 243 F.3d 629, 632 (2d Cir. 2001); <u>accord</u> <u>Palacio v. City of New York</u>, 489 F. Supp. 2d 335, 344 (S.D.N.Y. 2007) (counsel should not be appointed unless claim "justif[ies] using the scarce resource of volunteer lawyers.").   Because the motion to dismiss turns upon the application of well established legal principles to plaintiff's complaint, the Court declines to appoint counsel in this case.

II.   <u>Defendants' Motion to Dismiss</u>

      a.   Claims Seeking Money Damages against the Defendants in Their <u>Official Capacities</u>

The complaint does not specify whether Palmer sued the defendants in their individual or official capacities.   Construing the complaint liberally, the Court will assume that Mr. Palmer brought claims against the defendants in both their individual and official capacities. To the extent that Mr. Palmer seeks money damages against the defendants in their official capacities, these claims are barred by the Eleventh Amendment.   "The Eleventh Amendment bars the award of money damage against state officials in their official capacities." <u>Ford v. Reynolds</u>, 316 F.3d 351, 354 (2d Cir. 2003).   It does not bar "a suit for injunctive relief challenging the constitutionality of a state official's actions in enforcing state law under the theory that such a suit is not one against the State. <u>Id.</u> at 354-55.   Accordingly, the defendants'

- 5 -

motion is granted as to Mr. Palmer's claims for money damages against the defendant in their official capacities.

> **b. Claims Seeking Injunctive Relief against the Defendants in Their Official Capacities and Claims against the Defendants in Their <u>Individual Capacities</u>**

Section 1983 provides a civil claim for damages against any person who, acting under color of state law, deprives another of a right, privilege or immunity secured by Constitution or the laws of the United States. <u>See</u> <u>Gomez v. Toledo</u>, 446 U.S. 635, 638 (1980). "[T]o state a civil rights claim under [section] 1983, a complaint must contain specific allegations of fact which indicate a deprivation of constitutional rights; allegations which are nothing more than broad, simple, and conclusory statements are insufficient to state a claim under [section] 1983." <u>Alfaro Motors, Inc. v. Ward</u>, 814 F.2d 883, 887 (2d Cir. 1987). "Because vicarious liability is inapplicable to . . . [section] 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 676 (2009). The plaintiff must plead that a defendant acted with "purpose rather than knowledge" to satisfy this standard. <u>Id.</u> at 677.

The government must "provide medical care for those whom it is punishing by incarceration." <u>Estelle v. Gamble</u>, 429 U.S. 97, 103 (1976). To establish a claim for failure to provide medical care, the plaintiff must allege that he suffered from a serious injury caused by the defendants' "deliberate indifference." <u>Farmer v. Brennan</u>, 511 U.S. 825, 832 (1994). A valid Eighth Amendment claim requires the satisfaction of two elements: (1) the deprivation alleged must be, objectively, sufficiently serious; and (2) the prison official must have a sufficiently culpable state of mind, which, in this case, is one of deliberate indifference. <u>See</u> <u>Farmer v. Brennan</u>, 511 U.S. 825, 834 (1994).

A sufficiently serious deprivation requires that the prison official's act or omission result in the denial of "the minimal civilized measure of life's necessities." Id. (quoting Rhodes v. Chapman, 452 U.S. 337, 347 (1981)). To determine whether an alleged deprivation of medical care was objectively serious, a court must inquire whether the inmate was "actually deprived of adequate medical care" and "the inadequacy in medical care [was] sufficiently serious." Salahuddin v. Goord, 467 F.3d 263, 279-80 (2d Cir. 2006). Accordingly, "prison officials who act reasonably [in response to an inmate-health risk] cannot be found liable under the Cruel and Unusual Punishments Clause." Farmer, 511 U.S. at 845. "'Failing 'to take reasonable measures' in response to a medical condition can lead to liability." Salahuddin, 467 F.3d at 280 (quoting Farmer, 511 U.S. at 847).

A deliberately indifferent state of mind is more culpable than a negligent mind but less so than purposeful or knowing state of mind. Farmer, 511 U.S. at 836. It requires that the prison official subjectively know of and disregard an excessive risk to inmate health or safety. Id. at 837. This test for deliberate indifference is akin to "subjective recklessness" in the criminal law. Id. at 839. "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment." Estelle, 429 U.S. at 106.

Mr. Palmer has alleged that his injury is sufficiently serious. Diminished eyesight can be sufficiently serious to provide the basis for an Eighth Amendment claim for the denial of medical care. Koehl v. Dalsheim, 85 F.3d 86, 88 (2d Cir. 1996) (holding that a prisoner who was denied prescription eyeglasses necessary to correct double vision and a loss of depth perception and who experienced headaches and injuries from walking into objects as a result had a sufficiently serious medical condition.). Mr. Palmer complains of an eye injury that impedes his

daily activities. The "growths" in his eyes have caused "frequent pain and blurred-blacken double vision." (Id.) Although Mr. Palmer has alleged that his injury is sufficiently serious, his complaint fails to state a claim because he has not alleged that the defendants exhibited deliberate indifference to his injury.

Mr. Palmer fails to state an Eighth Amendment claim against Dr. Chakravorty. Dr. Chakravorty, Mr. Palmer's primary care physician, issued him eye drops and ointment, monitored his condition, and submitted a request for Mr. Palmer to meet with the ophthalmology specialist. Mr. Palmer has not stated any facts indicating that Dr. Chakravorty has not acted reasonably in response to Mr. Palmer's condition or has been deliberately indifferent to Mr. Palmer's condition. Accordingly, Mr. Palmer's claim against Dr. Chakravorty is dismissed.

Mr. Palmer also fails to state an Eighth Amendment claim against Dr. Bernstein. At an unspecified time, Dr. Bernstein denied Mr. Palmer's request for a transitional lens. Mr. Palmer's allegation that Dr. Bernstein denied his request for a transitional lens, in the context of the treatment that Mr. Palmer did receive, does not plausibly allege deliberate indifference. On February 6, 2012, Dr. Bernstein denied Mr. Palmer's request to change or make an entry or submit a document for placement on his medical record. Dr. Bernstein's response that Mr. Palmer was unable to amend his medical record does not constitute deliberate indifference to his medical needs. Mr. Palmer has not plausibly alleged that Dr. Bernstein was aware of and knowingly disregarded an excessive risk to Mr. Palmer's health and safety.

The complaint also fails to state an Eighth Amendment claim against Dr. Koenigsmann or Ms. Grinbergs. Dr. Koenigsmann received a letter from Mr. Palmer, to which Ms. Grinbergs responded. Mr. Palmer has not alleged that either exhibited a sufficiently culpable state of mind to state a claim for deliberate indifference. The DOCCS review board

denied Dr. Chakravorty's request for Mr. Palmer to see another specialist. Ms. Grinbergs's

letter, on behalf of Dr. Koenigsmann, informing Mr. Palmer of that decision, does not evince a

culpable state of mind on the part of Dr. Koenigsmann or Ms. Grinbergs. Mr. Palmer has not

plausibly alleged that Dr. Koenigsmann or Ms. Grinbergs were aware of and knowingly

disregarded an excessive risk to Mr. Palmer's health and safety.

Mr. Palmer has failed to state an Eighth Amendment claim upon which relief may

be granted. Accordingly, plaintiff's claim is dismissed.

## CONCLUSION

For the foregoing reasons, plaintiff's motion for appointment of counsel is

DENIED and defendants' motion to dismiss is GRANTED. Defendants' counsel is ordered to

mail to the plaintiff copies of all unpublished authorities cited herein.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this

order would not be taken in good faith and therefore in forma pauperis status is denied for the

purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).


SO ORDERED.

P. Kevin Castel
United States District Judge


Dated: New York, New York
       March 28, 2014